# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAVEED A SIKANDER, | : | CIVIL NO. 3:17-cv-2148 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| CLAIRE DOLL, WARDEN, | : | |
| Respondent | : | |

## MEMORANDUM

Naveed A Sikander ("Sikander"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 16, 2018. (Doc. 1). He challenges the constitutionality of his "prolonged detention." (Doc. 1, p. 6).

The petition is presently ripe for disposition. For the reasons set forth below, the petition will be dismissed without prejudice.

I.  **Background**

Sikander is a native and citizen of Pakistan who was admitted to the United States at New York, New York on or about December 14, 1999, as a Lawful Permanent Resident. (Doc. 5-1, p. 6). On June 18, 2014, and July 17, 2015, in the First Judicial District of Pennsylvania, he was convicted, in two separate schemes of criminal

misconduct, for the offense of Theft by Unlawful Taking-Movable Property, in violation of Pennsylvania Crimes Code Title 18, Section 3921, Subsection A. (Id.)

On June 14, 2017, ICE notified him that he was removable from the United States under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"), as amended, as, at any time after admission to the United States, he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Id. at 4). He was taken into ICE custody on that date. (Id. at 13).

On August 30, 2017, the Immigration Judge ("IJ") granted Sikander's application for cancellation of removal. (Id. at 30-32). On February 2, 2018, the Board of Immigration Appeals ("BIA") vacated the IJ's decision to grant Sikander's application for cancellation of removal and ordered him removed from the United States to Pakistan. (Id. at 54-56). The BIA also notified him that any petition for review of the decision must be filed and received by the appropriate court of appeals within thirty days of the decision. (Id. at 54).

Sikander filed the present petition on February 16, 2018. (Doc. 1). According to the United States Court of Appeals for the Third Circuit CM/ECF database, accessed *via* https://www.pacer.gov/, Sikander has not filed a Petition for Review within the thirty-day time period.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to

remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director

may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

In the matter *sub judice*, Sikander's order of removal became administratively final pursuant to 8 U.S.C. § 1231(a)(1)(B)(2) on February 2, 2018, the date the BIA vacated the decision of the IJ. Therefore, the mandatory ninety-day detention period commenced running on that date and does not expire until May 3, 2018.

Based on the foregoing, because Sikander is mandatorily detained pursuant to 8 U.S.C. § 1231, the Court will dismiss the petition for writ of habeas corpus without prejudice.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              **s/James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**

Dated:   April 25 , 2018